FILED
SUPERIOR COURT
OF GUAM

2013 MAY 10 PM 3: 24

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

SALVADOR ENRIQUEZ, )
         ) **CIVIL CASE NO. CV1486-11**
         Plaintiff, )
         )
vs. ) **DECISION AND ORDER**
         )
ELISE SMITH, )
         )
         Defendant. )
         )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on remand from the Supreme Court of Guam, received January 11, 2013, and the Court heard oral arguments on February 15, 2013. Jeffrey A. Cook, Esq. and Douglas B. Moylan, Esq. represented Plaintiff; Robert L. Keogh, Esq. appeared on behalf of Defendant; and Assistant Attorney General David J. Highsmith, Esq. appeared in support of Defendant pursuant to 7 GCA § 17106(f). Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant Elsie Smith was a patient of Dr. Hugh Sule, a dentist at Gentlecare Dental Clinic in Tamuning. Defendant alleges that Dr. Sule initiated a root canal on her, but in the middle of the procedure, he left her in the hands of a dental auxiliary who continued performing the root canal. After the root canal, Defendant reported she suffered pain and swelling of her face and eye. Defendant eventually lodged a complaint with the Guam Board of Examiners for Dentistry (hereinafter "Dental Board"). During the investigation of her complaint, Defendant was asked to view photographs to identify the dental auxiliary who assisted with the root canal. Through these photographs, Defendant identified Plaintiff Salvador Enriquez. As a result, the Dental Board, represented by the Office of the Attorney General (hereinafter "Attorney General"), filed a disciplinary case against Dr. Sule and Plaintiff.



On September 1, 2011, Plaintiff filed this civil action alleging Defendant's complaint to the Dental Board wrongfully identified him as the dental auxiliary who assisted with the root canal. (Complaint, 2, Sept. 1, 2011.) Plaintiff claims damages for defamation, invasion of privacy and emotional distress as a result of Defendant's complaint and subsequent disciplinary proceedings before the Dental Board. *Id.* at 3-13.

On September 21, 2011, Defendant moved to dismiss the complaint pursuant to Guam Civil Procedure Rule 12(b)(6) or alternatively to obtain summary judgment pursuant to the Citizen Participation in Government Act (hereinafter "CPGA"). On January 6, 2012, the Court granted Defendant's motion to dismiss and, believing the alternative prayer was thus obviated, declined to address alternative relief under the CPGA. On appeal, the Supreme Court ruled:

> In instances where a trial court is presented with any motion to dispose of a claim, even if pled alternatively, that raises the immunity from liability described in the CPGA, the trial court should first determine whether the claim actually falls within the scope of the CPGA. If the claim does, then the trial court must treat the motion to dispose of the claim as one for summary judgment and follow the procedures required by 7 GCA § 17106.

*Enriquez v. Smith*, 2012 Guam 15 ¶ 20. On this basis, the matter was remanded "for the trial court to determine in the first instance whether Smith's actions complained of in Enriquez's lawsuit are entitled to CPGA protections and whether Smith is thus entitled to the substantive relief mandated by the CPGA." *Id.* at ¶ 21.

Defendant contends that her complaint to the Dental Board is entitled to CPGA protection and that an inquiry of "persons responsible" for this lawsuit should be conducted pursuant to 7 GCA § 17106(h). Plaintiff argues the CPGA does not protect Defendant's complaint because it lacks merit, it is a sham, and the Dental Board proceedings were not conducted with impartiality and sufficient due process considerations.

## DISCUSSION

Under Guam law, a motion to dispose of a claim on the grounds of immunity under the CPGA is treated as a motion for summary judgment. 7 GCA § 17106(a). The burden shifts to the responding party to produce "*clear and convincing* evidence that the acts of the moving party are not immunized from liability." 7 GCA § 17106(c), (e) (emphasis in original). An act



is immunized under the CPGA pursuant to "an objective test of whether a reasonable person would conclude from looking at the acts that the acts involved petitioning the government." *Guam Greyhound, Inc. v. Brizill*, 2008 Guam 13 ¶¶ 34, 42. "[I]n order for the responding party to remove the acts in question from the protection of…[the CPGA], the responding party must carry its burden of producing evidence such that a reasonable person would conclude by clear and convincing evidence that the acts did not involve petitioning the government." *Id.* (*citing* 7 GCA § 17106(c), (e)).

In this case, Plaintiff carries the burden to prove by clear and convincing evidence that Defendant's complaint to the Dental Board did not reasonably involve petitioning the government. Plaintiff offers the following evidence: 1) Defendant's complaint misidentified Plaintiff as the dental auxiliary who assisted with the root canal; 2) the Attorney General continued to prosecute Plaintiff after the correct dental auxiliary was identified; 3) the prosecutor acted concurrently as legal counsel for the Board; 4) the prosecutor threatened to discipline another Assistant Attorney General who sat on the Board; and 5) the prosecutor, on behalf of the Board, offered to settle the charges against Dr. Sule with a public reprimand to take root canal classes and to pay Defendant $25,000 for her injuries. (Plaintiff's Opposition, Jan. 18, 2013.)

These facts, even if true, do not constitute clear and convincing evidence that Defendant's actions did not reasonably involve petitioning the government. First, the alleged procedural flaws and the acts of the Attorney General are irrelevant to determine the nature of Defendant's actions. Second, the mistaken pleading and the prosecutor's settlement offer are not so extraordinarily persuasive as to enable a clear conviction that Defendant did not reasonably petition the government. *See Brizill*, 2008 Guam 13 at ¶ 41. Plaintiff argues that Defendant's complaint is a sham, but evidence of a mistaken pleading and a prosecutor's settlement offer are not clear, direct, weighty, and convincing enough to induce the Court to a clear conviction that Defendant's complaint was not genuinely aimed at procuring favorable government action or that she was using the government process itself as a weapon. *See Id.* at ¶ 44 (*quoting City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 380, 111 S.Ct.

ORIGINAL

1344, 1354, 113 L.Ed.2d 382 (1991) (classic sham petition is one lodged in order to impose expense and delay with no expectation of success)).

Defendant admits she lodged a complaint with the Dental Board in order to revoke Dr. Sule's license and to seek guidance on financial reimbursement. (Declaration of Elise Smith, Exhibit "A", Sep. 21, 2011.) A reasonable person could conclude her complaint is petitioning activity despite Defendant's misidentification of Plaintiff and the prosecutor's subsequent settlement offer made on behalf of the Board. There is no clear and convincing evidence that Defendant used the process as a weapon or that she did not genuinely aim for disciplinary action before the Dental Board. For these reasons, Plaintiff has failed to carry his burden to receive summary judgment under the CPGA and Defendant's actions are entitled to its protection.

Pursuant to 7 GCA § 17106(e), the Court shall grant Defendant's motion for summary judgment and dismiss Plaintiffs claims. Pursuant to 7 GCA § 17106(g), the Court shall award Defendant the costs of litigation, including reasonable attorney fees and sufficient sanctions for deterrence, which are to be determined at an evidentiary hearing. The parties may address any claim for damages from persons responsible at that evidentiary hearing. *See* 7 GCA § 17106(h).

///

///

**CONCLUSION**

Based upon the foregoing, Plaintiff's claims are hereby DISMISSED and Defendant is entitled to the substantive relief mandated by the Citizen Participation in Government Act. The Court shall hear evidence and argument on the matter of costs, fees and other damages on

_____ JUN 2 4 2013 _____ at _____ 9KM/ _____.

SO ORDERED this _ 10TH _ day of May, 2013.

_____
HON. JAMES L. CANTO II
Judge, Superior Court of Guam

ORIGINAL

Page 4 of 4

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

MAY 1 0 2013
20

Enrique F. Aflague, Jr.
Deputy Clerk, Superior Court of Guam